IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAD NESBIT                                                                                          PLAINTIFF

v.                                          Civil No. 6:19-CV-06032

SHERIFF MIKE MCCORMICK,                                                                   DEFENDANTS
DEPUTY CURTIS, NURSE M. JARRETT,
CAPTAIN R. HALVERSON, and
CORPORAL DONAHUE

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute his case against Defendant Nurse M. Jarrett.

### I.     BACKGROUND

Plaintiff filed his case on March 21, 2019. (ECF No. 1). On March 9, 2020, Defendant Nurse M. Jarrett filed her Motion for Summary Judgment. (ECF No. 44). That same day, the Court entered an Order directing Plaintiff to respond to the Motion for Summary Judgment by March 30, 2020. (ECF No. 47). On April 3, 2020, Plaintiff filed a motion asking for an extension of time to file his response. (ECF No. 48). The extension was granted, and Plaintiff was directed to file his response by May 4, 2020. (ECF No. 49). In both Orders, Plaintiff was advised that failure to file his response by the deadline could result in the dismissal of his case. (ECF Nos. 47, 49). When Plaintiff failed to file a response as ordered, the Court entered a Show Cause Order

requiring Plaintiff to show cause by May 27, 2020 for failing to obey a Court Order. Once again, Plaintiff was advised that failure to file a response by the deadline could result in the dismissal of his case. (ECF No. 50).

To date, Plaintiff has failed to file a response to the Motion for Summary Judgment, has failed to show cause for his failure, and has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with a Court Order to file his response to Defendant Nurse M. Jarrett's Motion for Summary Judgment. Plaintiff has failed to prosecute this matter as to

Defendant Nurse M. Jarrett. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint against Defendant Nurse M. Jarrett should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint against Defendant Nurse M. Jarrett be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute his case against her.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of June 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE